CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA  19103
(215) 557-3550 phone
(215) 557-3551 fax
Proposed Attorneys for the Debtor
aciardi@ciardilaw.com
jcranston@ciardilaw.com

## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : **CHAPTER 11** |
| **Devon Health Services Inc.,** | : |
| | : |
| | : **BANKRUPTCY NO. 13-20219 (SR)** |
| **Debtor.** | : |
| | : |

## DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 364(c) FOR AUTHORITY TO ENTER INTO AN INSURANCE PREMIUM FINANCE AGREEMENT WITH FLAT IRON CAPITAL AND FOR LIMITED NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c)(1) AND E.D. PA. L.B.R. 5070(f)

Devon Health Services, Inc. (the "Debtor") by and through undersigned counsel, Ciardi Ciardi & Astin, hereby submits this motion and hereby moves this Court pursuant to 11 U.S.C. § 364(c)(1) and Fed. R. Bankr. P. 4000(c), for authority (a) to enter into a premium finance agreement (the "Agreement") with Flat Iron Capital (the "Premium Finance Company") and (b) grant Premium Finance Company a security interest lien with priority over any and all administrative expenses of the kind specified in 11 U.S.C. § 503(b) or 507(b) pursuant to 11 U.S.C. § 364(c)(1), in all unearned or returned premiums which may become payable under the policies identified in the Agreement and a lien and security interest in loss payments but only to the extent such loss payments reduce the unearned premiums and subject only to any mortgage

1

or loss payee interest, and further request any deficiency claim of Premium Finance Company remaining in the event that Premium Finance Company must proceed against its collateral, also be afforded priority under 11 U.S.C. § 364(c)(1). In support of its Motion, the Debtor states as follows:

## BACKGROUND

1.     On November 22, 2013 (the "Filing Date"), Devon Health Services, Inc. filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.     Since the Filing Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     An official committee of unsecured creditors (the "Committee") has not yet been appointed.

4.     Devon Health Services Inc. operates a PPO (Preferred Provider Organization) and related activities.

5.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105 and 364 of the Bankruptcy Code.

## RELIEF REQUESTED

6.     In the ordinary course of its business, the Debtor must maintain various insurance policies in order to continue its operations. The Debtor has been unable to pay, in the ordinary course of its business, pursuant to 11 U.S.C. § 364(a), the premiums for the insurance policies

identified in the Agreement, and has been unable, after reasonable efforts, to obtain unsecured

credit for such payment pursuant to U.S.C. § 364(b).

7.        The Debtor has determined that Premium Finance Company offers the most

advantageous terms for such financing and entered into the Agreement in May 2013.  A copy of

the Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference.

8.        The insurance policies identified in the Agreement are crucial to the operation of

the Debtors' business and cannot be obtained without the relief requested herein.  Thus, the relief

sought herein is in the best interest of the estate and its creditors.

9        The Agreement required the Debtor to make a down payment in the amount of

$3,655.73, which was made pre-petition, and to make nine monthly payments, each in the

amount of $1,258.68.[1]  The annual percentage rate is 7.83 percent and the total amount financed

under the Agreement is $10,967.18 with total payments under the Agreement of $11,328.12.

The Debtor intends to included payment of these amounts within its budget under the cash

collateral orders entered in this case.

10.        The Agreement grants Premium Finance Company a lien and security interest in

any and all unearned or returned premiums which may become payable under the policies

identified in the Agreement.  Debtor requests and the proposed order submitted herewith and

attached hereto as Exhibit "B" (the "Order"), provides that Premium Finance Company's lien

and security interest in such premiums shall be senior to the rights of the Debtor's Estate in this

and any subsequent proceeding under the Bankruptcy Code and to the rights of any person

claiming a lien or security interest in any assets of the Debtor to the extent allowed by 11 U.S.C.

§ 364(c)(1).

---

[1] As of the date of filing of the Debtors' Motion, the Debtor made seven installment payments directly to the
Premium Financing Company. The next payment is due on January 2, 2014.

11.     The Agreement also assigns to Premium Finance Company a lien and security interest to secure any loss payment under the policies but only to the extent such loss payments would reduce the unearned premiums.  Debtor requests that Premium Finance Company's lien and security interests in such payments shall be senior to the rights of Debtor's estate in this or any subsequent proceeding under the Bankruptcy Code, but shall be subject to the interest of any mortgages or other payees.

12.     The Debtor requests and the Order provides Premium Finance Company's liens and security interests shall be deemed duly perfected without further action by Premium Finance Company.

13.     In the event a default by the Debtor in making the monthly payments under the Agreement, but subject to ten days prior notice to Debtor and Debtor's right to cure, the Agreement allows Premium Finance Company to cancel the insurance policies identified in the Agreement and apply to the Debtor's account the unearned or returned premiums; and, subject to the rights of loss payees, any loss payments which would reduce the unearned premiums.  The Debtor requests that Premium Finance Company may exercise its rights under the Agreement in the event of any such default without moving for relief from the automatic stay of 11 U.S.C. § 362 and without further order of this Court.

14.     Premium Finance Company is extending financing under the Agreement in good faith within the meaning of 11 U.S.C. § 364(e).

## REQUEST FOR EXPEDITED HEARING

15.     The Debtor requests that an expedited hearing be scheduled on the Motion on or before **January 2, 2014** or at the earliest date convenient to the Court's calendar, and that the notice period be reduced accordingly.

16.     Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that the court may, in its discretion, reduce the notice period. See Fed. R. Bankr. P.9006(c).

17.     The Debtor also requests that this Court reduce the notice period to schedule the expedited hearing. The Debtor proposes that this Court permit notice of the hearing to be served by next day mail, facsimile transmission or electronic transmission upon (i) the Office of the United States Trustee for the Eastern District of Pennsylvania, (ii) 2002 list, and  (iii) the top 20 creditors.

18.     The Debtor believes that such notice to the parties is reasonably calculated to inform creditors regarding the relief that is being requested and is sufficient under the circumstances.

19.     Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 9006 and the rules listed therein.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order granting the Debtor's Motion for Authority to enter into an Insurance Premium Finance Agreement and any other relief deemed just and proper.

Respectfully submitted,

DATE:                                    CIARDI CIARDI & ASTIN


*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, Pa 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com


Attorneys for the Debtor.